## LARIMORE *v.* HORNBAKER.

TENDER—TIME OF.—Where the time and place of delivery are fixed by the contract, a tender of the property to be delivered, to be valid, must be made a reasonable time before sunset on the given day, and must be continued until that time, unless the party who is to receive the property tendered appear sooner, and, if he be present, a tender to him at any time on the day is good.

CONTRACT—CONSTRUCTION.—A large part of the opinion herein relates to the construction of a contract, which can not be briefly stated. See opinion.

APPEAL from the *Monroe* Common Pleas.

PERKINS, J.—The following agreement and assignment were executed :

"Agreement entered into between *John Larimore*, of the one part, and *John W. Hornbaker* and *George W. Reeves*, of the other part, witnesseth : That whereas said *Larimore* has this day sold said *Hornbaker* and *Reeves* a certain jack called *Black Warrior;* said *Hornbaker* and *Reeves* bind themselves to deliver to said *Larimore* all the mule colts that said jack may get during the ensuing season; said colts to be delivered at *Smithville*, in *Monroe* county, *Indiana*, on the 20th day of *September*, 1861, sound, free from blemishes and in good condition; said *Larimore* agrees to pay said *Hornbaker* and *Reeves* 50 dollars for each of said colts when delivered.

"JOHN LARIMORE,

"JOHN W. HORNBAKER,

"GEORGE W. REEVES."

" Attest: *M. C. Hunter.*"

"I assign all my interest in the within article of agreement to *John Hornbaker*, without recourse.

"GEORGE W. REEVES."

" Attest: *J. S. Smith Hunter.*"

Larimore *v.* Hornbaker.

The foregoing agreement meant that *Hornbaker* and *Reeves* were to deliver to *Larimore* all the colts got by the jack which were sound and free from blemish; and that they were to be delivered in good condition; the agreement might be read thus: Said *Hornbaker* and *Reeves* agree to deliver at, &c., to, &c., all the colts, &c., that is to say, all the colts which are sound and free from blemishes; and that they are to have them in good condition when delivered.

This, we think, upon consideration, is the most reasonable interpretation to be given to the agreement, though it is possible it may not express the intention of the parties. The agreement, in case there happened to be unsound mules gotten, would be contradictory in its literal application.

The contract was not operative as a sale of the colts, but was good as an executory agreement to furnish and sell them at the time and place and upon the terms specified. See the cases cited in *Morrill* v. *Jones*, Am. Law Reg. vol. 12, p. 18; also, *McConnell* v. *Jones*, 19 Ind. 328; 14 *id.* 158. Such being the meaning and nature of the contract the obligations of the parties were these: *Hornbaker* and *Reeves* were bound to tender to *Larimore*, in good condition, at *Smithville*, on *September* 20, 1861, all the sound unblemished colts gotten during the specified season by the jack *Warrior*; and *Larimore* was bound to be at that place on that day to receive and pay for the colts, and to actually receive and pay for them at the rate of 50 dollars a head, if they were legally tendered.

*Hornbaker*, for himself, and as assignee of *Reeves*, claims that he did legally tender the colts, and that *Larimore* wrongfully refused to receive and pay for them. Hence, he claims that he has a right of action against *Larimore*.

The facts relative to the condition and tender of the mules are these: The jack was put to seventy-two mares and he got forty-four or forty-five colts. All the colts that lived were brought to *Smithville*, the place for delivery, about one

o'clock on the 20th of *September*, 1861, but were never seper-
ated from the mares, which they followed to the place. *Lar-
imore* was not there at the time, and *Hornbaker*, thinking
*Larimore* was not coming to receive them, commenced dis-
posing of the colts to those whose mares brought them, and
by whom more than half of the colts were taken away be-
tween the hours of one and five o'clock in the afternoon, the
time at which *Larimore* arrived at *Smithville* to receive them.
The sun set on the 20th of *September* at six o'clock. When
*Larimore* arrived *Hornbaker* asked him "if he was going to
take the mules." *Larimore* replied, asking where they were.
*Hornbaker* answered, "that they had all been there; that
some of them had been taken away, but he could have them
all back that night. *Larimore* replied that he was not bound
to receive them after night." *Hornbaker* then started after
the mules and brought them back about half past eight
o'clock. *Larimore* had left about seven o'clock, and was not
present to receive the mules. The mules were sound, but
rather under size, owing perhaps to the jack having been put
to too many mares—from fifty to sixty were as many as the
jack ought to have served. If a jack is pressed to too
many mares, the colts will be smaller and less vigorous than
otherwise. The period of gestation is from eleven to twelve
months.

Waiving the point as to the condition of the colts, (and
*Larimore* was bound to receive only those that were sound,
unblemished and in good condition,) we pass to the ·question
of the tender. Was the tender, supposing it to have been
otherwise sufficient, kept up to the proper time? In other
words, was *Larimore* at the place of tender to receive the
colts in proper time?

The contract was one in which the time and place of de-
livery were fixed by the contract. In such contracts, tender
must be made a reasonable time before sun set on the given

day; at least, the tender must be continued till that time, viz: a reasonable time before sun set, if the party who is to receive the article does not appear till that time; though, if he be present, a tender to him at any time on the day is good. This is the doctrine laid down in *Startup* v. *Macdonald*, 6 M. & G. 593. It is the law. Smith on Cont. 429; 1 Par. on Cont. 445; 2 *id*. 162, note v; *Sweet* v. *Harding*, 19 Vermont, 587.

The case was not tried below with reference to this established rule of law, and we are not satisfied with the result of that trial. We can not say that one hour was not long time enough to receive or reject forty-two mules, or such parts of them as might be received or rejected, after the mules had been properly set apart and tendered at the place designated.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded for another trial.

*Samuel H. Buskirk*, *Joseph E. McDonald* and *A. L. Roache*, for the appellant.

*Newcomb & Tarkington*, for the appellee.