## John J. Shaw *vs.* James Carbrey.

Buildings which are sold without the land on which they stand, with the intention of all parties to sever them from the land, pass to the purchaser, with a right to remove them as personal property within a reasonable time.

The owner of land on which three wooden buildings stood authorized his agent to sell them to be removed before a certain day and not put up again in the same town. The agent there upon sold the same to A., giving a common bill of parcels thereof, and informed the owner of the sale, to which he did not object, though not of the giving of the bill of parcels, and paid him the money. Before the day fixed for their removal, A. sold the buildings to B.

giving him a common bill of parcels thereof, and informing him who was the owner of the land, and that the buildings must oe removed as soon as possible, to which B. replied that he would see the owner and arrange it with him. The buildings not being removed, the owner, after another notice to A. which was sent by him to B., sold them to C., who removed them. *Held,* that B. could not recover back the money paid by him to A. for the buildings.

CONTRACT brought to recover back one hundred dollars, money had and received.

At the trial in the superior court, before *Putnam, J.,* without a jury, it appeared that on the 22d of April 1864 William Minot, Jr., being the owner of certain real estate situated in West Roxbury, of which three wooden buildings standing thereon were a part, and desiring to have them removed, verbally authorized one McLaughlin, as his agent, to sell said buildings, the same to be taken down and removed before the 1st of May 1864, and not to be put up again in West Roxbury.

The said McLaughlin, on the same day, gave the defendant a common bill of parcels of said buildings, in his own name, without mention of any conditions or terms, and received therefor, at the same time, thirty-five dollars, which Mr. Minot received. Mr. Minot was informed of the transaction, and did not object to it; but there was no evidence that he knew anything about the bill of parcels.

On April 25th 1864, the defendant gave plaintiff a similar bill of parcels of said buildings, and received therefor at the same time the sum of one hundred dollars. The plaintiff was notified, when said paper was given, that Mr. Minot was the owner of said real estate, and that he must take down the buildings as soon as he possibly could, to which he replied that he would see Mr. Minot and arrange the matter with him; but he did not see Mr. Minot, although he endeavored to find him. Mr. Minot sent notices to the defendant to come and take the buildings down, which notices the defendant sent to the plaintiff, who was notified that if he did not remove the buildings Mr. Minot would. The buildings not having been removed, Mr. Minot on the 1st or 3d of May sold the same to one Hodgdon, who immediately removed the same. Mr. Minot tendered said thirty-five dollars to Carbrey, who refused to receive it.

On these facts, the judge found for the defendant; and the plaintiff alleged exceptions.

*T. P. Proctor*, for the plaintiff. There was no valid sale to the plaintiff. The buildings did not become personal estate till severed from the land. *Stearns* v. *Washburn*, 7 Gray, 187. *Claflin* v. *Carpenter*, 4 Met. 580. *Lamson* v. *Patch*, 5 Allen, 586. *Burton* v. *Scherpf*, 1 Allen, 133. McLaughlin had no authority to make an unconditional sale. The plaintiff knew nothing of the conditions, and the same were broken by the defendant. The title of the plaintiff was an unconditional one, or nothing. The plaintiff paid his money for an absolute title, which was not received.

*C. S. Lincoln*, for the defendant.

GRAY, J. McLaughlin was authorized by Minot, the owner of the land, to sell the buildings, to be removed before the 1st of May, and not put up again in the same town ; and sold them to the defendant on the 22d of April, and informed Minot of the transaction, who received the price, without objecting to the want of like express conditions in that sale. The buildings being sold without the land, and with the manifest intention of all parties to sever them from the land, passed to the defendant, with a right to remove them as personal property within a reasonable time, and to sell them to whom he pleased. *Nelson* v. *Nelson*, 6 Gray, 385. *Bostwick* v. *Leach*, 3 Day, 476. *Hallen* v. *Runder*, 1 Cr., Mees. & R. 266.

The defendant on the 25th of April sold his right in the buildings to the plaintiff, and at the same time gave him notice that Minot was the owner of the land, and that the plaintiff must remove the buildings as soon as he possibly could. To this the plaintiff assented, by replying that he would see Minot and arrange the matter with him, but failed so to do. The question whether the plaintiff could possibly have removed the buildings before the 1st of May was a question of fact, upon which the finding of the judge of the superior court, to whose decision, waiving a trial by jury, the case had been submitted by the parties, is not open to revision in this court. This sale of the defendant's property in the buildings was a sufficient consideration

for the money paid by the plaintiff to the defendant; and the plaintiff's neglect to remove the buildings immediately, or to obtain an extension of time from the owner of the land for their removal, whereby the plaintiff lost the right to remove his property, did not authorize him to recover back the purchase-money.

The objection that the bills of sale of the buildings were not stamped as required by the laws of the United States went to their admissibility in evidence, and is not reserved upon these exceptions. We have therefore no occasion to consider whether these bills of sale of personal property, the first of which only includes a receipt, needed any stamp. *Exceptions overruled.*