RUSSELL *v.* WITT ET AL.

CONTRACT.—*Executory.—Performance.*—A contract in form, " I have this day sold to " A. "two hundred and fifty bushels of prime clover seed of the new crop," fixing the date of future delivery, is executory, and no particular seed passes by the agreement, but any merchantable article within the description will discharge the obligation.

SAME.—*Demand.—Tender.—Purchase.*—Where such a contract contained an agreement that bags should be furnished by the purchaser for the seed;

*Held,* that no obligation rested upon the seller, unless the bags were furnished within the time fixed for delivery of the seed; and that no demand for the bags was required. And the fact that the seller had not the seed on hand at any time did not excuse the tender of the bags; as he might have purchased the seed, and thus have discharged his contract.

APPEAL from the Vanderburg Common Pleas.

WORDEN, C. J.—The appellees sued the appellant for a failure on his part to perform the following contract, viz.:

"Mt. Carmel, Illinois, November 26th, 1869.

"I have this day sold to Witt and Headley, of Evansville, Indiana, two hundred and fifty bushels of prime clover seed of the new crop, at seven dollars per bushel, to be delivered free of charge to them at their store-house in Evansville, Indiana, at the following terms:   One hundred and twenty-five bushels on or before the first day of January, 1870, and the remaining one hundred and twenty-five bushels on or before the first day of February, 1870.   The said Witt and Headley bind themselves to furnish bags for the transportation of the seed, and to pay cash for the seed on delivery as, delivered.

[Signed:]                          "E. L. Russell, .
                                   "Witt and Headley."

Trial by the court, finding and judgment for the plaintiffs, a new trial being denied to the defendant.

On the trial, it appeared that but about thirty bushels of the clover seed had been delivered, and this was paid for. When this amount was delivered and paid for, does not appear.   The residue of the seed was never delivered, nor did the defendant ever notify the plaintiffs that he was ready to deliver the seed and demand the bags for the transportation thereof.   On the other hand, the plaintiffs never furnished the defendant any bags for the transportation of the seed until somewhere from the seventh to the latter part of February, 1870 (the precise point of time being uncertain), when the plaintiffs sent the defendant bags; but he having no seed, they were returned, in accordance with the plaintiffs' instructions.   The inference from the evidence is, that at no time before the bags were sent had the defendant sufficient seed on hand to discharge the contract.

The question arises whether, upon this state of facts, the plaintiffs can recover.

The contract, although some of its terms imply a sale of the seed on the day of the execution thereof, is clearly an executory contract.   No particular seed passed by the contract.   It amounts only to a contract to sell and deliver the

seed at or before the times specified. Any merchantable "prime clover seed of the new crop" would have been sufficient to discharge the contract. *Larimore* v. *Hornbaker,* 21 Ind. 430, and cases there cited.

It becomes material to inquire what obligations rested upon the plaintiffs, and whether they can maintain the action without a compliance with the contract on their part.

The furnishing of the bags by the plaintiffs for the transportation of the seed was clearly a condition precedent to the obligation of the defendant to deliver the seed. Thus, where a tenant covenanted to repair, the landlord "finding, allowing, and assigning timber sufficient for such reparations, to be cut and carried by the lessee," it was held that the finding and assigning the timber by the lessor was a condition precedent to the liability of the lessee to repair. *Thomas* v. *Cadwallader,* Willes, 496. See, also, *Mill Dam Foundry* v. *Hovey,* 21 Pick. 417.

Conditions precedent must be performed by the party whose duty it is to perform them, in order to entitle him to enforce the contract against the other party. 1 Story Con., sec. 32.

In this case the plaintiffs expressly agreed to furnish the bags for the transportation of the seed; and, unless they are in some manner excused, they must have fulfilled this stipulation on their part before they can maintain an action against the defendant for a failure to deliver the seed. The seed was to be delivered, one-half on or before the first of January, and one-half on or before the first of February, 1870. But the plaintiffs were to furnish bags for the transportation. The bags were necessarily to be furnished in time to enable the defendant to perform his contract at the stipulated times.

The fact that the plaintiffs sent bags some time after the contract was to have been performed, does not place them in any better position than if no bags had been furnished at all.

We see nothing in the case to excuse the failure on the part of the plaintiffs to furnish the defendant with the bags

in time to have enabled him to perform his part of the contract by delivering the seed at the times agreed upon.

It is to be inferred from some of the evidence, that the plaintiffs acted on the theory that it was the duty of the defendant to notify them when he was ready for the bags, and that it was not their duty, under the contract, to furnish the bags until they had such notice.  This, in our opinion, was a mistaken theory of the law applicable to the case.. The contract does not provide for any such notice; nor can we perceive any thing in the nature of the transaction that makes such notice necessary.  The plaintiffs bound themselves unconditionally, to furnish the bags for the transportation of the seed; and this we have seen, required them to furnish the bags in time to have enabled the defendant to deliver the seed at the times stipulated for.  "Unless there be an express stipulation in the contract, or it be requisite from the peculiar nature thereof, that a request or demand of performance shall be made, such request or demand is not essential to complete the cause of action; but the party is bound to perform his contract without being required so to do."  Chitty Con., 10 Am. ed. 801.  "The rule in respect to demand rests upon the same principle with that in respect to notice.  It may be requisite, either from the stipulations of the parties, or from the peculiar nature of the contract; but where not so requisite, he who has promised to do anything must perform his promise in the prescribed time and in the prescribed way, or if none be prescribed, in a reasonable time and a reasonable way, without waiting to be called upon."  2 Pars. Con. 671.

These elementary principles are as applicable to stipulations that are conditions precedent, as to any other stipulations in a contract.

It is no answer to the objection that the plaintiffs failed to perform their part of the contract by furnishing the bags in time, to say that the furnishing of the bags would have been a useless thing inasmuch as the defendant had no seed to transport and deliver.  By the terms of the contract the

plaintiffs were bound to furnish bags for the transportation of the seed before they had any right, under the contract, to have the seed delivered; and having failed to do this within the time provided for, they are not in a condition to demand performance of the contract on the part of the defendant, or damages for a failure to perform on his part. He was not bound to deliver the seed unless the bags were furnished to transport it; and, hence, the bags not being furnished, and he therefore not bound to ·deliver the seed, it was wholly immaterial whether he had any seed to deliver or not. Besides this, had the bags been furnished, he might have procured and delivered the seed in accordance with the terms of his contract. We have seen that no particular seed was stipulated for, but any seed answering the description of that contracted for, would have been sufficient to deliver in discharge of the defendant's agreement.

The judgment must be reversed, on the ground that the plaintiffs failed to fulfil their part of the contract in time to enable the defendant to comply with his.

The judgment below is reversed, with costs, and the cause remanded for further proceedings.

*C. Denby* and *D. B. Kumler,* for appellant.

*F. M. Shackelford* and —— *Parrett,* for appellees.

