## POSEY *v.* SCALES ET AL.

CONTRACT.—*Construction.— Option.—Notice.—Pleading.*—By the terms of a written contract, one party thereto bound himself to deliver to the other a specified amount of a certain kind of chattels, at a place therein designated, "at the option of the" latter "at any time" during a specified period.

*Held,* in a suit by the former, against the latter, for a breach of such contract, that it was the duty of the latter to have notified the former as to what time during such period such delivery should be made.

*Held,* also, that it was sufficient for the former to aver in his complaint, that, during all of such period, he had had the amount and kind of chattels agreed upon in his possession, ready for delivery, but that, though the latter had notice thereof, he never notified the former to deliver the same, whereupon, after the expiration of such period, he sold the same to a third person, to his damage.

BILL OF EXCEPTIONS.—*Record.*—*Supreme Court.*—*Practice.*—Unless, upon appeal to the Supreme Court, the record shows that the bill of exceptions was filed in time, it constitutes no part of the record.

From the Pike Circuit Court.

*C. M. Allen, F. B. Posey, J. C. Denny* and *C. S. Denny,* for appellant.

*W. H. De Wolf* and *G. G. Reily,* for appellees.

NIBLACK, J.—This action was brought by Francis V. Scales, James Case and Thomas Case, against William H. Posey, Hannibal Orr, DeWitt C. Kemper and Levi Ferguson.

The complaint was in two paragraphs.

The first paragraph averred, that, on the 2d day of March, 1873, the said Scales and Ferguson entered into a contract, in writing, with the said Kemper, Orr and Posey, by which it was agreed that the said Scales and Ferguson would thereafter, at any time in the months of August or September, 1873, to be designated by the said Kemper, Orr and Posey, deliver to them five hundred smooth, merchantable, fat, corn and grass fed hogs, none of which should weigh less than two hundred pounds, gross weight, on the scales, at the city of Washington, in the State of Indiana, for which the said Kemper, Orr and Posey, on their part, agreed to pay the said Scales and Ferguson, upon delivery at said city of Washington, five cents per pound, gross weight.

That it was also stipulated, in said contract, that if either party failed to perform the obligation thereof, the party failing so to do should pay to the other five hundred dollars, as and for the damages sustained by reason of such non-performance.

That some time in July, 1873, the said Levi Ferguson sold and transferred his interest in said contract to the said James Case and Thomas Case.

That, soon after the said Case and Case became thus interested in said contract, they and the said Scales, at great

labor and expense, purchased and collected together the number and kind of hogs described in said contract, to wit, five hundred smooth, merchantable, fat, corn and grass fed hogs, none, during said months of August and September, 1873, weighing less than two hundred pounds, and held and kept the same at Pike county, in said State, during said months of August and September, ready to be delivered at the scales, at said city of Washington, at any time during said months at which the said Kemper, Orr and Posey might have notified them, said Scales, Case and Case, that they, said Kemper, Orr and Posey, would receive said hogs, of all which the said Kemper, Orr and Posey were duly notified.

That the said Kemper, Orr and Posey wholly failed to designate any day when they would receive said hogs, and wholly failed to receive or accept said hogs, or any part thereof.

That, some time in October, 1873, the said Scales, Case and Case, having ascertained that the said Kemper, Orr and Posey would not accept said hogs, sold the same to other persons at great loss, to wit, at a loss of the sum of two hundred dollars, and that the said Kemper, Orr and Posey had not paid the sum of five hundred dollars, as damages for their failure to comply with said contract on their part.

The second paragraph was very similar to the first, in its averments, except that it was not averred in it that the hogs were held and kept "in Pike county," ready to be delivered when requested, and that it did contain an averment that the said Kemper, Orr and Posey were to give notice to the said Scales, Case and Case when they were ready to receive said hogs.

A copy of the contract referred to was filed with the complaint, and, after reformation by the court, is as follows:

" This agreement witnesseth, that D. C. Kemper, Hannibal Orr and W. H. Posey, parties of the first part, and

F. V. Scales and Levi Ferguson, parties of the second part, have made the following contract, viz.: That the said parties of the second part agree to furnish to the said parties of the first part, five hundred smooth, merchantable, fat, corn and grass fed hogs, none to weigh less than two hundred pounds, gross weight, on the scales, at Washington, Indiana, at the option of the parties of the first part, at any time in the months of August or September, 1873, and that the parties of the first part agree to pay to the parties of the second part, upon delivery, five cents per pound for said hogs.

"Both parties agree that the party failing to comply with the terms of this contract shall pay to the other party the sum of five hundred dollars.

"D. C. KEMPER,
"H. ORR,
"W. H. POSEY,
"LEVI FERGUSON,
"F. V. SCALES."

Levi Ferguson was made a defendant to answer as to his interest, if any, in said contract, and made no defence.

There was no service of process on Kemper.

Orr and Posey filed a demurrer to the complaint, demurring to each paragraph separately, for want of sufficient facts to constitute a cause of action.

The court held both paragraphs sufficient on demurrer, to which the said Orr and Posey excepted.

The said Orr and Posey then answered in two paragraphs.

The first was the general denial.

The second alleged, that, from and after the 30th day of September, 1873, the said Scales, Case and Case continued in possession of the hogs named in the complaint, exercised acts of ownership over them, and sold said hogs without the knowledge or consent of the said Kemper, Orr and Posey, and without notice to them of an inten-

tion to do so, and without notice to them, said Kemper, Orr and Posey, that they should comply with the contract set out in the complaint.

A demurrer was filed and sustained to this second paragraph of the answer, to which the said Orr and Posey also excepted.

The cause was then tried by a jury, and there was a judgment for the plaintiffs, against the said Orr and Posey.

Posey appeals to this court, and makes Orr one of the appellees.

A paper was copied into the record, purporting to be a bill of exceptions, but there is no evidence accompanying it to show that it was filed in time, or, indeed, that it was ever filed, and, hence, we cannot consider it a part of the record. *Fulkerson* v. *Armstrong*, 39 Ind. 472; *The City of Terre Haute* v. *Ripley*, 43 Ind. 508; *Rinehart* v. *Bowen*, 44 Ind. 353. The evidence, therefore, is not in the record, and the only questions presented to us here arise out of the rulings of the court, overruling the demurrer to the complaint, and sustaining the demurrer to the second paragraph of the answer.

The only objection urged to the complaint is, that both paragraphs fail to aver a tender of the hogs, at the scales, at Washington, during the months of August and September, 1873, or at any other time. It is insisted that such a tender was necessary, to put the said Kemper, Orr and Posey in default, under the contract. We do not so construe the terms of the contract. These persons, known as the parties of the first part in the contract, clearly reserved to themselves the option of indicating at what time, during certain months, the hogs should be delivered to them, and we think it follows that the duty devolved on them of notifying the other parties to the contract when they would receive the hogs. It was, consequently, in our opinion, sufficient for the parties of the second part to aver that they had the kind and quantity of hogs

called for by the contract, ready to be delivered at any time when demanded, during the months of August and September, 1873, of which the parties of the first part had notice. *West* v. *Emmons*, 5 Johns. 179.

The appellant, in his brief, does not urge the sufficiency of the second paragraph of the answer. The facts averred in it afforded no excuse to the said Kemper, Orr and Posey for their alleged default in naming a time for the delivery of the hogs in question, during the months through which their option extended. In our judgment, it was insufficient as a defence to the action.

We have, therefore, come to the conclusion that the court did not err, either in overruling the demurrer to the complaint or in sustaining the demurrer to the second paragraph of the answer.

The judgment is affirmed, with costs.