## WILLIAM A. CHRISTY

### v.

## RICHARD W. STAFFORD.

*Sales—Future Delivery upon Order of Vendee—Tender—Ability and Readiness to Perform—Measure of Damages—Practice.*

1. In an action for damages by the vendor, on a contract for the sale of pickles for future delivery, it is *held:* That the plaintiff was not required to deliver until the defendant had ordered the goods and designated the place of the delivery; that the plaintiff was not required to tender the pickles or to offer to deliver them to appellant before the expiration of the contract in order to entitle him to maintain an action thereon; that it was not necessary for the plaintiff to show that he had actually in his possession, on the day of its expiration, sufficient pickles to fill the contract, it being shown that by purchase from other dealers he had control of enough pickles to fill it; and that the evidence sustains the measure of damages adopted by the court.

Christy v. Stafford.

2.  In a suit on a contract of sale or for damages in failing to p rform it, where delivery is to be at the option of the defendant, on notice by him, or at a place designated by him, it is sufficient for the plaintiff to prove an ability and readiness to deliver or perform on his part upon notice or demand by the defendant.

3.  This court will not reverse a case on a point which, from the whole record, appears to be based, at best, on a mere slip of the tongue.

[Opinion filed April 26, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Statement by MORAN, J.  This action was brought by appellee to recover damages for a failure on the part of appellant to perform the following contract:

"W. McHENRY, Ill., Nov. 15, 1883.
Bought this day of R. W. Stafford,

| | | | |
|---|---|---|---|
| 1,500 bbls. medium (1200) Pickles | @ | $4.50 |
| 1,000 " small (2400) " | @ | 5.25 |
| 500 " gherkins (3500) " | @ | 5.50 |

Less 2½ per cent., terms cash on delivery, goods to be taken between this date and January 1, 1885.   Goods to be delivered at store or depot in Chicago free of charge, but when shipped in car-load lots drayage to be charged.   Above sale to be *bona fide* in case of a fair average crop, but in case the crop is short goods to be delivered in proportion.   This is a continuance of the contract of May 19, 1883.

CHRISTY, WALKER & Co.
R. W. STAFFORD."

The contract of May 19th alluded to was similar to the foregoing in its terms, save that the various grades of pickles were at a lower price, and the goods were to be taken between October 1, 1883, and January 1, 1884.   Some letters passed between the parties after the making of the contract—one written by appellants November 20, 1883, in which appellee is told that if he delivers pickles to them without their orders he will have the trouble of drawing the goods both ways, for they would not accept them faster than they needed them.

Christy v. Stafford.

One letter written to appellee, March 13, 1884, by appellants, ordering several barrels and half barrels of pickles delivered at 61 Michigan Avenue at once; one letter, January 16, 1884, to appellee, stating that they had heard that· he was selling pickles by car lots and they would get every pickle they bought of him at contract price regardless of how hard it might come on him.

Appellants denied that the letter of November 20, 1883, had any reference to the contract in suit, but contended that it related to deliveries to be made under a prior contract which had not yet been completed.

Pickles were delivered by appellee under the contract in suit only as they were ordered, and were delivered either at the store or the depot in Chicago as the order directed. Appellee testified that he looked for orders at the store and sought to have them take more pickles, but they could not do it; that he told appellant he was ready to give them to him, but appellant would not take them faster than he wanted them. On December 15, 1884, appellee wrote as follows to Christy, Walker & Co.:

" I have no order as yet when you want the balance of your pickles delivered. From what you said before, I understood that you would rather have the pickles in salt, but as by our contract they are all to be delivered by the first of January, I am putting them in vinegar to have them ready for you. I am willing to keep them in salt if you wish it, but if you do wish it, telegraph me at once. But if I do so keep them I would not waive my right to payment at date fixed by contract.

Yours truly,

R. W. STAFFORD."

This letter was not answered by appellant, and appellee, fearing that he would order all remaining pickles to be delivered on the last day of the contract, made arrangements with other dealers to furnish the pickles to him if he should not have enough on hand himself at the time they might be ordered. Appellee notified appellant that if they did not take the pickles he would have to sell them and sue him for

the difference. The market price for pickles was declining during the month of December. After the first of January, 1885, appellee sold on the market the pickles agreed to be taken by appellant and brought the suit to recover damages. The case was tried by the court, jury being waived, and the issues were found for the plaintiff and damages assessed against appellant at $1,523. Exception was taken on the judgment of the court and the case is brought to this court by appeal.

Messrs. F. K. GRANGER and COOK & UPTON, for appellant.

Mr. JOHN V. LE MOYNE, for appellee.

MORAN, J. The contract between appellant and appellee provided as follows: " Goods to be taken between this date and January 1, 1885. Goods to be delivered at store or depot in Chicago, free of charge, but when shipped in car-load lots drayage to be charged."

The contract was dated November 15, 1883. We construe the contract to mean that appellant had the option to take the pickles agreed to be delivered, from time to time, or all at one time, but that he was bound to take them before January 1, 1885. Appellee was bound to deliver them at the store, depot or on the cars, as appellant should elect, but he was not required to deliver until appellant had ordered the goods and designated the place of delivery. Nor was appellee required to tender the pickles or to offer to deliver them to appellant before the expiration of the contract in order to entitle him to maintain an action for the breach of the contract. The order in which the acts of the parties were to be done was fixed by the contract, and when such is the case, the one who is required to act first must act; must do what is required by the contract before the other can reasonably be expected or legally required to perform or to offer to perform. "If the delivery by the vendor is to take place upon the doing of certain acts by the purchaser, the vendor is not in default for non-delivery until notice of the purchaser of his performance of

the acts on which the delivery is to take place." Benj. on Sales, Sec. 679.

In a suit on the contract or for damages in failing to perform it, where delivery is to be at the option of, or on notice by, or at a place to be designated by the defendant, it is sufficient for the plaintiff to prove an ability and readiness to deliver or perform on his part upon notice or demand by the defendant. From the evidence in this record we learn that the acts of the parties under this contract, so far as they went in the performance of it, were in consonance with what we have found to be the legal meaning of it. It was the course of business for appellant to order from appellee the pickles as he wanted them and to designate the quantities of each kind, and the size of the packages, and the place where to be delivered, and for appellee to deliver in the quantities, particular packages and at the place designated, and from this course of business there does not appear to have been a departure, so far as the pickles were taken by appellant under the contract. It then appears that the parties, by their acts, construed the contract as the law construes it. Appellant was bound to notify appellee where to deliver the whole of the pickles before the contract expired and appellee is only bound to show that he filled all orders made upon him, and that he was ready and willing to fill the contract on his part, on receiving the order of appellant. Posey v. Scales, 55 Ind. 282; West v. Emmons, 5 Johns. 179.

In this view it is unnecessary to determine as to whether appellee, at different times before the expiration of the contract, requested appellant to take the pickles and offered to deliver them to him. Appellee was not required by the terms of the contract to make such request or offer, though there is in the record much evidence tending to show that appellee did make such requests and offers, and a finding to that effect by the court below would, we think, be fully warranted.

It is strenuously contended by appellant that the proof does not show an ability and readiness on the part of appellee to deliver the balance of the pickles during the last days of the contract. We have carefully examined the evidence on this point, and we have reached the conclusion that it fully sustains

the finding of the court below in that regard.  It was not necessary for appellee to show that he had actually in his possession on the last day of the contract sufficient pickles of the different grades to fill the contract.  It was enough if, by purchase from other dealers, he had control of enough pickles to fill the contract.  As to the amount of the damages assessed by the court, it appears that there is some conflict as to what was the market price for pickles after the first of January. Some of the witnesses make the market price higher than the price which the court must have taken  as a  basis in assessing the damages, but others of  the  witnesses placed the market price much lower.   There is evidence which fully sustains the measure of damages adopted by the court, and we  see no reason for disturbing the finding.

Appellant contends that as the record stands, it shows that appellee was paid $1,000 more than the pickles he delivered would come to.  Appellee in his testimony swears to the number of barrels of pickles delivered by him under the contract and swears that he was paid for those delivered, in full. The testimony as written in the record shows that in stating the amount of money he received he stated it at $1,862.69. This would be about $1,000 more  than the pickles delivered would come to at contract price.   Appellant, on being asked, stated that he could not dispute the account of appellee as to the number of barrels delivered, and there was no pretense or suggestion by appellant or his counsel in the court below that he had in fact paid appellee more than the pickles delivered came to, and it is not contended here by his counsel that, as a matter of fact, a thousand dollars in excess was paid.  The dispute was over the amount of damages for not taking the remainder of the pickles, and it is very unlikely that if there had been an over-payment to the extent of a thousand dollars, it should have escaped the attention of all parties and the court. We think under such circumstances we are warranted in the conclusion that appellee made a mistake in uttering the amount paid to him, or that he was misreported.   In speaking the words "eight hundred" he was taken as saying "eighteen hundred." A case will not be reversed on a point which, from the whole

record, we believe to be based at best on a mere slip of the tongue.

There is no error, and the judgment of the Superior Court must therefore be affirmed.

*Judgment affirmed.*