## MEEK v. BEAVER.

[No. 3,236.   Filed November 27, 1900.]

SALES.—*Failure to Comply with Terms of Sale.*—Plaintiff bid off growing wheat at a certain price per acre at an administrator's sale. By the terms of the sale a credit was to be given until December the 25th, but the auctioneer announced that the purchaser of the wheat should pay one-half of the bill for a quantity of fertilizer used in the sowing of the wheat. Notes were prepared and delivered to plaintiff for signature covering the amount of the purchase. Plaintiff executed one of the notes with surety and returned them to administrator saying that his surety refused to sign the fertilizer note. The administrator returned the notes to plaintiff and afterwards sought to have the matter settled, but plaintiff stated that the notes were in the hands of his attorney. The clerk of the sale reported the wheat unsold. Plaintiff afterwards paid the fertilizer bill to the fertilizer company. *Held,* that the administrator was warranted in treating the wheat as unsold, and that plaintiff could not recover damages for failure to deliver the wheat.

From the Fayette Circuit Court. *Affirmed.*

*D. W. McKee, J. I. Little* and *H. L. Frost,* for appellant.

*Reuben Conner* and *Lon Conner,* for appellee.

BLACK, J.—The appellant was the plaintiff, and he assigns as error the overruling of his motion for a new trial. The appellee was the administratrix of the estate of her deceased husband, and at her public sale of the personal property of the estate on the 3rd of March, 1898, the appellant bid for, and the auctioneer struck off to him, the share of the decedent as landlord in growing wheat on certain land, notice being given at the time of the sale that the land would have to be measured before a note could be executed for the purchase price. By the terms of the sale a credit was to be given until December 25, 1898, on sums over $5, but the auctioneer announced that the purchaser should pay one-half of a bill for a quantity of fertilizer used in the sowing of the wheat, such one-half being $22, to be due September 1, 1898, the decedent having given his note to a certain fertilizer company for $44 for said fertilizer, due at that date. The appellant bid off the wheat at a certain sum per acre. The estate was insolvent, and would pay nothing on the general debts, said note for fertilizer being one of the general debts.

After the land had been measured as so announced, the clerk of the sale made out for the administratrix notes to be executed by the purchasers at the sale and their sureties, among them two notes dated March 3, 1898, to be executed by the appellant and his surety, one for an amount ($58.63) calculated by multiplying the amount of his bid per acre by the number of acres so ascertained, due December 25, 1898, and one for $22 due September 1, 1898, each payable to the order of the administratrix. These two notes were sent by the administratrix to the appellant for execution. A few

days thereafter he called on the administratrix, with the two notes, the one for $58.63 signed by himself and by his father as his surety. The other note was unsigned, and the appellant stated that his father had declined to sign it as surety, for certain expressed reasons. The appellant went away leaving the two notes at the home of the appellee, where they were found lying upon a bed. There was conflict in the testimony as to whether he left them there or gave them to a member of appellee's family. On the evening of the same day, the appellee and her son took the two notes to the residence of the appellant and·left' them with his wife, the appellant being absent. Some days later the appellee found the appellant at his home and sought to have the matter settled, but he told her the notes were in the hands of his attorney. Thereafter, on the 27th of April, 1898, the clerk of the sale filed his sale bill in the office of the clerk of the circuit court, setting out the wheat in question as property remaining unsold. Afterward, the appellant paid the sum of $22, the one-half of the amount of the decedent's note for fertilizer, to the fertilizer company, the holder of the note, and later brought this action against the appellee to recover damages for failure to deliver to him the wheat bid off by him.

It is quite plain from the evidence in the record before us that both parties to the contract understood it to require, as a part of the terms of the sale, that both of the notes above described should be executed by the appellant with surety to the administratrix. This is clearly indicated by the testimony of the appellant himself, which we need not set forth at length. The appellant having failed and refused to perform the terms of the contract of sale on his part, the administratrix was fully warranted in treating the property bid off by him as unsold.

Whatever errors may have occurred in the conduct of the trial, if any, there can be no doubt, upon the showing made in evidence by the appellant, that his demand was without

any foundation. Upon the merits of the case, the conclusion reached in the trial court was the only proper end to the action.

Judgment affirmed.