## W. L. DAY, Respondent, v. FRANK L. FARLEY, Appellant.

**Kansas City Court of Appeals, June 8, 1903.**

**Executory Contracts:** OFFER TO PERFORM: DEFENSE. In an action on an account for services the defense was that defendant entered into an executory contract with plaintiff to furnish him a tombstone and that the items of services mentioned in the account were to be accepted by defendant as payment *pro tanto* on the price of the tombstone, which defendant was ready to furnish. *Held,* a good defense.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan,* Judge.

REVERSED AND REMANDED.

*Shain & Barnett* for appellant.

(1.) The court committed error in giving peremptory instruction No. 1. (2) The vendor, in an executory contract of sale upon conditions being broken by vendee, has a right to stand on the contract as complete. Dobbins v. Edmonds, 18 Mo. App. 307; Vinegar Co. v. Wehrs, 59 Mo. App. 494; Walker v. Nixon, 65 Mo. App. 326; Harpin v. Manny, 57 Mo. App. 59.

*E. C. White* and *Bruce Barnett* for respondent.

(1) This is a suit upon a *quantum meruit.* Respondent's statement of his cause of action filed before the justice of the peace, did not stand upon the contract, but alleged the rendering of the services to appellant and the value thereof. Appellant's answer admitted that the services were of the value alleged by respondent, and upon the trial stated in his testimony that said services were of that value. This being true respondent was entitled to recover the amount sued for

without regard to whether he had complied with his contract or not. Eyerman v. Cem. Assn., 61 Mo. 489; Muller v. Gillick, 66 Mo. App. 500; Ibers v. O'Donnell, 25 Mo. App. 120; Mfg. Co. v. School Dist., 54 Mo. App. 371; Linnenkohl v. Winkelmeyer, 54 Mo. App. 570; Heman v. Improvement Co., 58 Mo. App. 480; Fleischmann v. Miller, 38 Mo. App. 177; Yeates v. Ballentine, 56 Mo. 530; West v. Freeman, 76 Mo. App. 96. (2) The amount respondent might have been entitled to recover was subject to be diminished by the amount appellant was damaged by respondent's failure to comply with his contract to purchase a tombstone of appellant. But this can not be considered in this case for the reason that appellant never claimed any such damage by set-off, counterclaim, recoupment, or even by allegation in his answer that he was damaged by such breach. Nor did appellant introduce any evidence whatever as to the amount of his damage for such breach, nor that he was damaged at all thereby. Muller v. Gillick, 66 Mo. App. 500; West v. Freeman, 76 Mo. App. 96.

ELLISON, J.—Plaintiff is a barber and brought this action to recover fifteen dollars, the value of work done for defendant in shaving him. The answer set up that plaintiff and defendant had a contract whereby defendant sold to plaintiff a tombstone for fifty dollars, of a style to be selected by plaintiff. That of the said price he was to accept fifteen dollars worth of barber work (here sued for) as a part payment. That said barber work was done under such contract, and that he has at all times been ready and willing to furnish the tombstone, but that plaintiff, although often requested, has failed to make a selection thereof as he agreed. There was evidence tending to show the foregoing, but the court gave the jury a peremptory instruction to find for plaintiff, on the ground that such showing was no defense.

The case should have been submitted to the jury. Judging from the briefs of counsel, the peremptory instruction was given on the ground that the matters stated constituted an executory contract and that defendant could only have an action of damages. We are, however, of the opinion that the authorities cited by plaintiff are not applicable to this character of case. The case is no more nor less than if plaintiff had contracted for the tombstone and had paid on the purchase price, fifteen dollars in cash. It ought not to be contended that in such case he could recover back the money, in face of defendant's willingness and offer to carry out the contract. Plaintiff is relying upon rules of law, which, it seems to us, are without application to the case. The judgment is reversed and cause remanded. All concur.