MORSE v. RESSLER.

ASSUMPSIT— ACTION— ISSUES— SALES— CONTRACT— QUESTION FOR
JURY.

> Where, in an action on the common counts in assumpsit, to
> which the general issue is pleaded, plaintiff claims the right
> to recover on the count for money had and received on the
> theory that he paid $10 to defendant for $10 worth of steel,
> which defendant refuses to deliver or repay the money, and
> defendant denies his right to recover on the ground that
> plaintiff bought a larger quantity of steel, paying $10 on the
> purchase price, and that he is ready to deliver the steel on
> receipt of the balance due, the pleadings and evidence raise
> a question of fact for the jury.

Error to Ingham; Wiest, J. Submitted June 9, 1908.
( Docket No. 51.) Decided July 1, 1908.

Assumpsit by Rufus R. Morse and Samuel H. Davis
against George S. Ressler for money had and received.
There was judgment for defendant, and plaintiffs bring
error. Affirmed.

*Morse & Davis*, in pro. per.

*John J. Zimmer*, for appellee.

MOORE, J. This case was commenced in justice's court.
The plaintiffs declared orally upon all the common counts
in assumpsit. The defendant pleaded the general issue.
The case was appealed to the circuit court where it was
tried by a jury which returned a verdict in favor of de-
fendant. The case is brought here by writ of error.

The contention of the plaintiffs is well stated in a mo-
tion they made after the testimony was all in, which is as
follows:

" The plaintiffs moved to strike out all the evidence that
was introduced on the part of defendant, and to direct a
verdict for the plaintiffs  *  *  *  for the following rea-
sons:

"This is an action on the common counts in assumpsit for money had and received, and whether or not plaintiffs have broken their contract or whether or not the defendant has suffered damages is immaterial under the pleadings, for to the common counts is interposed the general issue alone. There is no notice of recoupment or set-off. There is no dispute that the money has been paid and that nothing has been received therefor. There is no evidence that the money paid was stipulated damages. The contract was not pleaded in this case."

The judge denied the motion and charged the jury in part as follows:

"Gentlemen of the jury: This is an action brought by the plaintiffs against the defendant to recover $10 they claim they paid to the defendant on the 8th day of October, 1906, for some steel, $10 worth of steel, and they claim that defendant has refused to give them $10 worth of steel, and therefore they are entitled to their money.

"The defendant claims that the plaintiffs ordered 500 pounds of steel at an agreed price, and that the $10 was paid upon such order, and that there is a balance due after crediting the plaintiffs with the $10; there is a balance due to him, and he stands ready at any time to deliver to the plaintiffs the 500 pounds of steel when they pay him what they agreed to pay him.

"So the issue in this case, gentlemen of the jury, is for you to determine what the contract in fact was between these parties. Was the contract for $10 worth of steel? If it was, then the plaintiffs have paid all they agreed to pay, and the defendant, by refusing to let them have the $10 worth of steel, must return their money. He has not returned it, and if you find that to be the contract, then the plaintiffs are entitled to recover their money, in this case $10.

"On the other hand, if that was not the contract, but the contract was for 500 pounds of steel, which was according to the defendant's claim, it would amount to $29.75, and the $10 was paid upon that account, and there is a balance due the defendant, then the defendant was not bound to deliver the steel until he had his money, unless the contract provided that it should be delivered and credit extended, but there is no such testimony."

The trial judge made a further and detailed charge

153 MICH.—33.

but we have quoted enough to show the issues involved. We think the case was properly submitted to the jury. *Ketchum* v. *Evertson*, 13 Johns. (N. Y.) 359; *Webb & Kinne* v. *Steiner*, 113 Mo. App. 489; *Day* v. *Farley*, 100 Mo. App. 633.

The testimony of the parties was in sharp conflict. The jury evidently believed the evidence offered on the part of the defendant.

The judgment is affirmed.

GRANT, C. J., and BLAIR, CARPENTER, and McAL-VAY, JJ., concurred.