SCHWAB *v.* SCHMAL ET AL.

[No. 14,675.   Filed December 6, 1932.]

*George E. Hershman* and *Ray C. Hedman,* for appellant.

Wood, J.—Appellant brought suit against appellees by a complaint in one paragraph for money had and received by appellees for her use and benefit, appellees answered in general denial. The cause was submitted to th court for trial without a jury. Finding was made and judgment entered. against appellant. She filed a motion for a new trial, alleging as causes: (1) That the finding of the court was not sustained by sufficient evidence, and (2) that the finding of the court was contrary to law. This motion was overruled. Appellant appeals and assigns as error the overruling of her motion for a new trial.

From a condensed recital of the evidence set out in appellant's brief we glean the following facts. On May 29, 1929, appellant and appellees entered into a written conditional-sales contract, under the terms of which ap-

pellant purchased a refrigerator from appellees, the purchase price to be paid in monthly installments of $19.78 with interest at the rate of six per cent on each installment after its maturity, title to the property to remain in the appellees until the purchase price was fully paid as provided in the contract. Upon failure of appellant to make payments as provided in the contract, appellees had the right at their option to repossess the property, and in such event, any sums paid upon the purchase price were to be deemed as payment for the use of the property including its depreciation, but not for damages suffered by the property. Appellant defaulted in her payments, so on November 26, 1929, appellees exercised their option under the contract and repossessed the property.

Fred C. Schwab, a witness for appellant, testified that he was her husband; that on May 16, 1930, he talked with appellee Schmal about the purchase of a refrigerator; that Schmal said appellees would redeliver the refrigerator to appellant if she would pay them the sum of $78.66; that appellant paid appellees $78.66 by check on that day; that after that amount was paid Schmal said that he would take the matter up with his co-appellee, Seberger; that the appellant was not to notify appellees when to deliver the refrigerator, and it never was delivered. No written contract was entered into on May 16, 1930. Three or four weeks after the payment of the sum of $78.66 appellee Seberger informed the witness it would be necessary for appellant to pay appellees the sum of $155.00; that the witness told Seberger this was not the contract and that appellant wanted her money back. The money was not repaid to appellant.

Appellee Schmal testified as a witness on behalf of appellees that the sum of $78.66 paid to appellees by appellant on May 16, 1930, was for the refrigerator mentioned in the written contract of May 29, 1929; that the

appellees wanted all payments in arrears before they would redeliver the refrigerator to appellant; that Mr. Schmal said they could not pay them; that it was then agreed that appellant should pay appellees the sum of $78.66, and $30 per month thereafter for a period of six months, the first installment of $30 to be paid when the refrigerator was redelivered to appellant, she to notify appellees when to make delivery; that they had never received any notice from appellant to deliver it; that appellees still had the refrigerator and were ready to deliver it provided appellant made her payments under the contract, but that he was not sure that appellees would deliver the refrigerator on payment of $30 per month. On the day of the payment of the $78.66 all arrangements were oral; no effort had been made to deliver the refrigerator and appellees never made any inquiry of appellant concerning her wishes; during the last year appellees had been making an effort to sell the refrigerator to other parties.

Appellee Seberger testified that he knew that appellant paid $78.66 on the refrigerator, had never seen Mr. Schwab in the store, and knew nothing about the arrangement with appellant except what his partner, appellee Schmal, told him.

The appellees have failed to file a brief so we are not informed upon what theory the trial court rendered judgment in their favor. "The failure or inexcusable neglect of an appellee to file a brief in support of a judgment appealed from, and controverting the alleged errors complained of by appellant, may be deemed a confession of error, and the court is justified in its sound discretion, either to determine the questions presented by the appellant's brief, or to reverse the judgment without prejudice to either party, without considering the appeal on its merits (citing authorities), but the failure of the appellee to file a

brief does not require a reversal, and the discretionary power of the court to reverse the judgment in such a case should not be exercised unless the appellant's brief makes an apparent or prima facie showing of reversible error." *Bryant* v. *School Town of Oakland City* (1930), 202 Ind. 254, 171 N. E. 378.

In accord with the rule thus announced by the Supreme Court it becomes our duty to determine whether appellant's brief presents a prima facie showing of reversible error.

The resume of the facts and testimony of the witnesses above set out is sufficient to disclose that there was a sharp conflict in the evidence as it was presented to the trial court. It has been so long and thoroughly established by the decisions of the Supreme and Appellate courts, that they will not, on appeal, weigh conflicting evidence, and that the finding of facts by the trial court based on such evidence is binding on the Appellate Court, that the citation of authorities in support thereof is not deemed necessary.

If a contract of sale of personal property is entered into, under the terms of which the vendee pays a portion of the purchase price, agrees to pay the balance thereof in monthly installments, the first of said installments to be paid when the article of sale is delivered to the vendee, the vendor to be notified by the vendee when to make delivery of the article of sale, and the vendor has at all times been ready and willing upon notice from the vendee to make delivery of the article of sale to him under the terms of the contract, the vendee cannot rescind the contract and recover from the vendor the cash payment, without first showing performance on his part of the conditions of the contract requiring the giving of notice to deliver the article of sale, and a willingness to pay the installment of the purchase price upon such delivery being made. *Russel* v.

*Witt* (1871), 38 Ind. 9; *Posey* v. *Scales* (1876), 55 Ind. 282; *Meek* v. *Beaver* (1900), 25 Ind. App. 576, 58 N. E. 730; *Shaw* v. *Carberry* (1866), 95 Mass. 462; *Day* v. *Farley* (1903), 100 Mo. App. 633, 75 S. W. 177; *Andrews* v. *Cheney* (1882), 62 N. H. 404, 55 C. J. p. 1081, Sec. 1064; Elliott, Contracts, p. 1193, Sec. 5043.

There is evidence from which the trial court could find that the refusal of the appellees to complete the contract of sale and deliver the property was due to a failure of appellant to discharge the obligations imposed upon her under the terms of the contract.

Finding no prima facie reversible error the judgment is affirmed.

Curtis, C. J., not participating.